IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

F. CAMPBELL PEERY and CAROLYN )
PEERY, )
 )
 Plaintiffs, )
 )
v. )
 ) CASE NO. CV106-172
CSB BEHAVIORAL HEALTH SYSTEMS )
and THE MANUFACTURERS LIFE )
INSURANCE COMPANY (U.S.A.), )
 )
 Defendants. )
 )

## O R D E R

Before the Court is Plaintiffs' Motion for Reconsideration. (Doc. 175.) In this Motion Plaintiffs ask the Court to reconsider its dismissal of their FMLA claim,[1] apologizing for briefs "light" on law because Plaintiffs felt constrained by the page limitations contained in the Local Rules. Defendant Community Service Board Behavioral Health Systems ("CSB") responded, arguing that (1) reconsideration was inappropriate, (2) that Plaintiffs' FMLA claim is meritless, and (3) that the FMLA claim is barred by sovereign immunity. (Doc. 178.) Plaintiffs replied, arguing that reconsideration is appropriate because they did raise the applicable authority and that this Court erred by not considering these arguments. (Doc. 180.)

---

[1] This claim applies only to Defendant CSB, so Defendant Manufacturers Life Insurance Company (U.S.A.) ("Manulife") has not responded. (Doc. 1 at 13-16.)

As a threshold question, this Court must determine whether reconsideration is appropriate. Reconsideration is appropriate when (1) there has been an intervening change in controlling law; (2) new evidence has been discovered; or (3) reconsideration is needed to correct clear error or prevent manifest injustice. E.g., Center for Biological Diversity v. Hamilton, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005), Richards v. United States, 67 F. Supp. 2d 1321, 1322 (M.D. Ala. 1999). On the other hand, "[m]otions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued." Lockard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998). Indeed, "[d]enial of a motion for reconsideration is especially soundly exercised when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation." Id.

The parties do not contend that justification (1) or (2) applies to this case.[2] Accordingly, this Court considers the applicability of

---

[2] In their Reply, Plaintiffs assert Martin v. Broward County Pub. Sch., 2008 WL 4403009 (11th Cir. 2008) to show that the Eleventh Circuit Court of Appeals held open the question of whether equitable estoppel applies to the FMLA. Plaintiffs appear to cite this case to show that the law on the FMLA is unsettled, not as an intervening change in controlling law. Plaintiffs are correct not to make that assertion. This Court noted in its Summary Judgment Order that "[t]his Court's independent review has shown that the Eleventh Circuit has yet to explicitly determine whether estoppel may be applied to FMLA eligibility certifications." (Doc. 170 at 35.) Martin validates this Court's conclusion that the Eleventh Circuit has held the question of estoppel open. It is not "new" law. Moreover, even if the Eleventh Circuit found estoppel to apply to the FMLA, it would not change this Court's analysis, which concluded that Mr. Peery would not be entitled to equitable estoppel even if it applies to the FMLA. (Doc. 170 at 36-37.)

the third justification, for which the Peerys provide three arguments. First, they contend that this Court's 25-page limitation "necessarily meant that Plaintiffs' memoranda were heavy on a discussion of the material facts . . . and light on a discussion of pertinent case law . . . ." (Doc. 175.) Second, Plaintiffs contend that they raised the applicable case law in various filings. (Doc. 180.) Third, the Plaintiffs contend the Court's ruling is clearly erroneous and creates perverse incentives, and, therefore, should be revisited. (Doc. 180.)

Plaintiffs' first contention is that their failure to mention applicable case law is excusable. Plaintiffs offer the excuse that they were forced to make the tactical decision not to cite applicable law in order to both include relevant facts and comply with the 25-page limit found in Local Rule 7.1(a). This excuse is insufficient for two reasons. First, while Local Rule 7.1 prescribes a 25-page limit, it also allows for a party to motion to exceed that limit. The Peerys can hardly assert that they were unaware of this opportunity; Defendant CSB filed such a Motion on September 20, 2007, over a month before the Peerys filed their response to CSB's Motion for Summary Judgment. (See Docs. 98 & 148.) Second, in support of their second argument justifying reconsideration (see below), the Peery's point to a sentence in their Response to CSB's Motion for Summary Judgment as a reference to 29 C.F.R. § 825.305(b).[3] They

---

[3] This Court does not accept Plaintiffs contention that this sentence was intended to refer to the applicable CFR.

3

contend that this CFR was referenced despite the fact that no citation or mention of the CFR is made. The Court notes if this was a reference to the CFR, a proper citation to the CFR after this sentence would have taken 22 characters. If Plaintiffs felt that this sentence was not directly supported by the CFR, an additional 4 characters would have been required for the use of the signal "see." The Bluebook: A Uniform System of Citation, 46 (Columbia Law Review Ass'n et al. eds., 18th ed. 2005). The absurdity of Plaintiffs' contention that they could not find 26 replaceable characters in their 25-page Motion is matched only by the absurdity of the alleged decision to eschew references to applicable law to discuss material facts. It is common legal knowledge that the parties bear the burden of raising legal arguments in relation to summary judgment; failing to do so is inexcusable. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Accordingly, Plaintiffs' excuse is insufficient to justify reconsideration.

Plaintiffs' second ground is equally unconvincing. Plaintiffs contend that they raised the appropriate law in their Complaint, in their Motion for Summary Judgment, and in response to CSB's Motion for Summary Judgment. As an initial matter, Plaintiffs may not point to documents not related to CSB's Motion for Summary Judgment.[4] The job of this Court is to consider the parties' arguments in relation

---

[4] Plaintiffs ask this Court to reconsider its holding granting CSB's Motion for Summary Judgment on their FMLA claim; accordingly, the relevant legal documents are those which relate directly to CSB's Motion for Summary Judgment.

4

to a given motion and render a ruling on that basis; it is not to comb the multitude of filings by each party and find every potential argument that could be distilled from these documents.[5] Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995) (holding that a district court is not required to distill all potential legal arguments from the materials before it; that the onus is on the parties to formulate legal arguments; and that raising an argument in a complaint, but not on summary judgment, results in the abandonment of the argument, not error by the district court for failing to sua sponte consider the argument), see also Blue Cross and Blue Shield of Ala. v. Weitz, 913 F.2d 1544, 1550 (11th Cir. 1990). Accordingly, this Court considers only whether Plaintiffs raised the issue of 29 C.F.R. § 825.305(b) in their response to CSB's Summary Judgment Motion.

Plaintiffs claim their statement that, "The FMLA, like statutes of limitations in other labor protective legislation is subject to equitable tolling principles . . . . There is no reason that those principles should not apply," raised 29 C.F.R. § 825.305(b) during summary judgment. (Doc. 180 at 4.) From Plaintiffs' argument it is

---

[5] Moreover, in pointing to the outside documents Plaintiffs contend that they previously raised 29 U.S.C. § 2615(a)(1). This Court ruled that Plaintiff failed to avail himself of a protected right under the Eleventh Circuit's rule in Cash v. Smith, 231 F.3d 1301, 1307 (11th Cir. 2000), by failing to complete the required eligibility/certification paperwork for FMLA leave. Plaintiffs do not appear to assert that a litigant suing under 29 U.S.C. § 2615(a)(1) is exempt from the Cash requirements, and this Court is not aware of any rule to that effect. Therefore, even if this Court were required to look to these documents, their content would be irrelevant.

5

not clear whether they do not understand their own claim, or whether they are engaged in a misguided attempt to trick this Court. Here, Plaintiffs have taken an out-of-context quote and wholly changed its meaning.[6] (Doc. 148 at 17.) Plaintiffs made the above statement <u>specifically</u> in reference to the two-year statute of limitations on filing an FMLA lawsuit, not in reference to the time limits for fulfilling the eligibility/certification requirements of the FMLA, a necessary element of a <u>prima facia</u> case. (<u>Id.</u>) Moreover, Plaintiffs' cannot contend that they were unaware that these were two separate hurdles to bringing an FMLA suit, because they made a separate argument for equitable estoppel with respect to the eligibility/certification requirements of the FMLA in the next paragraph.[7] (<u>Id.</u>) This argument, therefore, fails to justify reconsideration.

Plaintiffs' third contention is that the Court's ruling is clear error which results in manifest injustice and creates perverse incentives for employers. Plaintiffs misunderstand this Court's

---

[6] The full quote reads: "The <u>two year statute of limitations set forth in</u> the FMLA, like statutes of limitation in other labor protective legislation, is subject to equitable tolling principles." (Doc. 148 at 17) (Deleted language underlined.) Plaintiffs have then deleted four sentences which explain why Mr. Peery filed his <u>lawsuit</u> in a timely manner. They then return to a final sentence which says "There is no reason that those principles should not apply." (Doc. 148 at 17.) It is clear from the face of the quoted document that Plaintiffs raised an equitable tolling argument not with respect to Mr. Peery's failure to fulfill the eligibility/certification requirements of the FMLA, but rather with respect to the timing of the filing of Mr. Peery's lawsuit.

[7] In neither of these paragraphs does a <u>single</u> legal citation appear. (Doc. 148 at 17-18.)

6

ruling. The Court did not rule on the merits of a claim for equitable tolling under 29 C.F.R. § 825.305(b); the Court ruled that 29 C.F.R. § 825.305(b) was not before it because Plaintiffs' lawyers failed to raise the issue. Such a holding has no effect on the incentives of employers, because it says nothing about the applicability of the CFR to an employer's conduct. The Court's ruling that the lawyers in this case failed to raise the CFR affects only the incentives for <u>lawyers</u>. Moreover, the incentive it creates is the laudable one that lawyers behave professionally by fully researching their motions and bringing all appropriate arguments before the Court.[8] This "incentive" comes directly from the Supreme Court, which places the burden on the parties to raise the legal arguments that the Court should consider. <u>Celotex</u>, 477 U.S. at 322.

In light of the above, this Court concludes that Plaintiffs have inexcusably failed to raise their legal arguments at the appropriate time, and now seek a second bite at the apple. However, a Motion for Reconsideration is not an opportunity to raise legal arguments which a party failed to raise during the summary judgment phase of the

---

[8] Further, this Court notes that a contrary holding would incentivize lawyers to use "legal buzz words" to include a world of potential arguments—in this case every equitable argument imaginable—rather than engaging in professional conduct by fully researching their claims and properly putting specific arguments before the Court. Were Plaintiffs allowed to wait for the Court to do their legal research for them, and then raise the Courts' own research in a motion for reconsideration, the Court would be functioning as the plaintiff's attorney rather than as a Court. Such a result is unacceptable and foreclosed by binding precedent. <u>Baker v. Norman</u>, 651 F.2d 1107 (5th Cir. 1981).

7

trial. Lockard, 163 F.3d at 1267. Therefore, reconsideration would not be proper. Accordingly, Plaintiffs' Motion is **DENIED**.

SO ORDERED this 18th day of November, 2008.

---

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA