IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

F. CAMPBELL PEERY and CAROLYN )
PEERY, )
 )
    Plaintiffs, )
 )
v. ) CASE NO. CV106-172
 )
SERENITY BEHAVIORAL HEALTH )
SYSTEMS and THE MANUFACTURERS )
INSURANCE COMPANY (U.S.A.), )
 )
    Defendants. )
 )

### ORDER

Before the Court are Plaintiffs' Trial Briefs on Attorney's Fees and Defendant Serenity Behavioral Health System's ("CSB") responses. (Docs. 213, 227, 229, & 235.) These filings ask the Court to determine whether, given the deficiencies in their pleadings, Plaintiffs may recover attorney's fees as an element of damages for their breach of contract claim. For the reasons that follow, Plaintiffs **MAY NOT** recover attorney's fees as an element of damages under their breach of contract claim.[1]

The question before the Court is whether Plaintiffs adequately pled attorney's fees under their breach of contract

---

[1] This Order does not affect Plaintiffs ability to pursue attorney's fees with respect to their claim under the Americans with Disabilities Act.

claim.[2] Therefore, the text in the Complaint setting forth this claim is highly relevant. The section of the Complaint relating to breach of contract reads as follows:

### Count One (against Defendant Serenity Behavioral Health Systems): Breach of Contract

27. Plaintiffs Campbell and Carolyn Peery incorporate by reference and thus reallege the allegations in paragraphs 1 through 26, above.

28. By requesting and effecting the liquidation, in May, 2006, of the life insurance policy purchased for the sole, exclusive and irrevocable benefit of Mr. Peery in late 2001, Defendant CSB breached the contractual obligation set forth in paragraph 4 of its 5/24/01 Settlement Agreement with Mr. Peery ("to pay to Peery a lump sum totaling Two Hundred Twenty-Four Thousand and No/100 dollars ($224,000.00)."). Plaintiff Carolyn Peery also has a breach of contract claim against Defendant CSB, to the extent that she was a third party beneficiary of the CSB's contractual agreement to pay her husband $224,000, the majority of which was used to purchase a life insurance policy under which Plaintiff Carolyn Peery was named the primary beneficiary.

29. By informing Defendant Manulife, sometime during the first 6 months of 2006, that Mr. Peery had "used Board funds, without authorization, to" purchase the Manulife life insurance policy purchased in late 2001 for the benefit of Mr. Peery and his spouse, Defendant CSB also effectively breached its contractual

---

[2] Plaintiffs have asserted a wide variety of arguments, many of which are unsupported by legal research and have no basis in law or logic. For example, Plaintiffs believe it relevant that CSB did not move for summary judgment on the attorney's fee issue. (Doc. 213 at 1.) Of course, if Plaintiffs failed to plead attorney's fees, Plaintiffs would be suggesting that CSB should have moved for summary judgment on a nonexistent claim. Plaintiffs' filings are littered with such arguments, and the Court will not waste its time attempting to decipher and address all of Plaintiffs' various musings on why they may be entitled to pursue these unpled damages.

2

agreement and obligation to Mr. Peery, set forth in paragraph 1(c) of the 5/24/01 Settlement Agreement, to release Mr. Peery from "each and every claim, cause of action, right, liability or demand any kind or nature known or unknown" that the CSB had or may have had against Mr. Peery.

30. Because of the damages which Plaintiffs have suffered as a result of CSB's contractual violations, Plaintiffs seek compensatory and other legal damages, injunctive relief, and any and all other legal and equitable relief to which Plaintiffs may be entitled pursuant to O.C.G.A. §§ 9-2-20(a), 13-6-1, 13-6-2, and related statutory provisions.

31. Specifically, Plaintiffs seek and demand payment from and by Defendant Serenity Behavioral Health Systems of the $132,969.57 wrongly confiscated by the CSB in late May, 2006, plus interest from the time that said funds were wrongfully confiscated until they are returned to Plaintiff Campbell Peery, plus whatever additional money is required to reinstate the life insurance policy that was purchased in late 2001 for the sole, exclusive and irrevocable benefit of Mr. Peery and subsequently liquidated, at the request of Defendant CSB, in late May, 2006, plus whatever other contractual damages Plaintiff Campbell Peery is legally entitled to recover by law on his breach of contract claim against Defendant Serenity Behavioral Health Systems.

32. In the event that Plaintiff Campbell Peery dies before he obtains and recovers judgment on this claim, Plaintiffs Carolyn Peery, or if she predeceases her spouse, then Plaintiff Campbell Peery's estate should be awarded a recovery from Defendant Serenity Behavioral Health Systems of the $522,168 amount that was provided in the Manulife insurance policy which was purchased with a portion of the payment provided in paragraph 4 of the 5/24/01 Settlement Agreement and then cancelled and liquidated at the request/demand of Defendant Serenity Behavioral Health Systems, in direct violation of Mr. Peery's contractual rights under the 5/24/01 Agreement.

3

(Doc. 1 at 13-16.) The Court has included all of this text for a very specific reason; anyone reading this text in its entirety sees no reference to attorney's fees despite extensive and specific references to other types of damages.[3]

First, it is entirely possible that state law controls because the attorney's fees in question are an element of damages under a state law cause of action—breach of contract. See Morrison v. Mann, 271 Fed. App'x 841, 846 (11th Cir. 2008) (unpublished). If state law applies, attorney's fees can be recovered only if "specifically pleaded." Id. Under Georgia law, "[a] general request for attorney fees, without reference to O.C.G.A. § 13-6-11 or the criteria set forth therein, is not the specific pleading contemplated by the statute." Pipe Solutions, Inc. v. Inglis, 291 Ga. App. 328, 329, 661 S.E.2d 683, 685 (2008); see also O.C.G.A. § 13-6-11 ("The expenses of litigation generally shall not be allowed as a part of the damages [for breach of contract]; [except] where the plaintiff

---

[3] Plaintiffs point to numerous generalized references to attorney's fees throughout this litigation as support that CSB was on notice of a claim for attorney's fees. (Docs. 213 & 229.) However, as Defendant concedes, it was on notice for a claim of attorney's fees under other claims in this case. (Doc. 227 at 2.) Plaintiffs specifically pled attorney's fees with respect to several claims in this case, including their remaining Americans with Disabilities Act Claim. (Doc. 1 at 31.) Accordingly, general references to attorney's fees clearly do not establish that CSB was on notice that Plaintiffs would be pursuing attorney's fees as an element of damages for the breach of contract claim.

4

has specially pleaded and has made prayer therefore . . . .") There can be no question that Plaintiffs have not specifically pled attorney's fees in this case, they have not mentioned O.C.G.A. § 13-6-11 or even used the words "attorney's fees" in the section of the Complaint setting forth the claim for breach of contract. (Doc. 1 at 13-16.) The generalized language requesting "any and all other legal and equitable relief to which Plaintiffs may be entitled pursuant to O.C.G.A. §§ 9-2-20(a), 13-6-1, 13-6-2, and related statutory provisions" does not specifically reference attorney's fees or the relevant statutory provision. (Id. at 15.) Accordingly, if state law governs, then this claim cannot be pursued.

Conveniently, the Court need not determine whether state or federal law governs because Plaintiffs have also failed to adequately plead their claim under Federal law. While the Eleventh Circuit Court of Appeals has not spoken to the issue, all but one circuit to consider the issue has held that attorney's fees are special damages that must be "specifically stated" in the pleadings pursuant to Federal Rule of Civil Procedure 9(g).[4] United Indus., Inc., v. Simon Hartley, Ltd., 91

---

[4] Plaintiffs' brief was unhelpful in identifying the minority position; however, this Court's review has found that one circuit court rejected the Rule 9(g) argument. Flynn v. AK Peters, Ltd., 377 F.3d 13, 26 (1st Cir. 2004). The First Circuit's opinion is unconvincing and is likely the product of poor lawyering rather than an informed decision by the circuit

5

F.3d 762, 764-65 (5th Cir. 1996), In re Am. Cas. Co., 851 F.2d 794, 802 (6th Cir. 1988), Atl. Purchasers, Inc. v. Aircraft Sales, Inc., 705 F.2d 712, 716 (4th Cir. 1983), Maidmore Realty Co. v. Maidmore Realty Co., 474 F.2d 840, 843 (3d Cir. 1973), W. Cas. & Sur. Co. v. Sw. Bell Tel. Co., 396 F.2d 351, 356 (8th Cir. 1968). Based on the language from the breach of contract section of the Complaint (Doc. 1 at 13-16), it cannot seriously be contended that attorney's fees damages were specifically stated in compliance with Rule 9(g).[5] Fed. R. Civ. P. 9(g). Accordingly, Plaintiffs have failed to plead attorney's fees for their breach of contract claim in accordance with the Federal Rules of Civil Procedure.

---

court. See Flynn, 377 F.3d at 26 (rejecting the argument that attorney's fees must be pled under Rule 9(g) as novel, apparently unaware that at least five other circuit courts had already accepted this exact argument). This Court believes the Eleventh Circuit would adopt the majority position if faced with the question and, therefore, will analyze the issue under Rule 9(g).

[5] Plaintiffs could argue—but do not—that Federal Rule of Civil Procedure 54 governs an award for attorney's fees in this case. Failure to raise this argument results in its waiver; however, even ignoring the waiver problem, this argument is insufficient. Rule 54 governs instead of Rule 9(g) when the substantive law governing the action provides for attorney's fees as a recoverable cost as opposed to an element of damages. See Riordan v. State Farm Mut. Auto. Ins. Co., 2008 WL 2512023, *2 (D. Mont. 2008). Georgia's substantive law with respect to breach of contract plainly considers attorney's fees an element of damages that must be pled with extreme specificity. O.C.G.A. § 13-6-11, Pipe Solutions, 291 Ga. App. at 329, 661 S.E.2d at 685. Accordingly, any argument that Rule 54 governs would fail.

As the Plaintiffs have failed to adequately plead attorney's fees under either state or federal law, the Court does not have to determine which body of law governs. Plaintiffs' wholly deficient complaint, accompanied by the timely objection of CSB to the eleventh hour assertion of entitlement to attorney's fees, blocks Plaintiffs from adding this claim.[6] Plaintiffs **MAY NOT PURSUE** attorney's fees as an element of damages under their breach of contract claim.

---

[6] Plaintiffs also contend that they are contractually entitled to attorney's fees. This argument is disingenuous, and the latest in a series of unprofessional attempts by Plaintiffs' attorney to trick the Court into erroneous rulings. Plaintiffs' attorney uses two tactics in this regard. First, the attorney will often take sentences out of context and attempt to affect a wholesale change of their meaning. (See Docs. 166, 170, 190, 206, 252, & 259.) Second, instead of doing legal research, Plaintiffs' attorney will speak in vagaries, assuming the Court will do his legal research for him because he has included a legalese generality. (See id.) Both this Court and the Magistrate Judge have chastised Plaintiffs' attorney for such behavior. (See id.)

Here, Plaintiffs contend that they are entitled to attorney's fees because the Settlement Agreement states that "the parties do hereby indemnify and hold harmless the opposing parties from any claim for attorney's fees arising in connection with the matters encompassed within this Settlement Agreement or arising in connection with any review of this Settlement Agreement." (Doc. 213 at 2.) The full text of this paragraph reads:

> Specifically included in this release of all claims by both parties are any and all claims for attorney's fees or costs. If any attorney's fees or costs are owed in connection with the matters encompassed within the Settlement Agreement or in connection with any review of this Settlement Agreement, both parties acknowledge that they are personally liable for their own fees and costs, and both parties unconditionally

SO ORDERED this 6th day of May, 2009.

　　　　　　　　　　　　　　　　　／s／ William T. Moore, Jr.
　　　　　　　　　　　　　　　　WILLIAM T. MOORE, JR., CHIEF JUDGE
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT
　　　　　　　　　　　　　　　　SOUTHERN DISTRICT OF GEORGIA

---

> releases and discharges the others from any claim for attorney's fees and costs. Furthermore, the parties do hereby indemnify and hold harmless the opposing parties from any claim for attorney's fees arising in connection with the matters encompassed within this Settlement Agreement or arising in connection with any review of this Settlement Agreement.

(Doc. 1, Settlement Agreement ¶ 6.) Any layperson could read this paragraph and realize that it precludes Plaintiffs from seeking attorney's fees. This Court finds the notion that Plaintiffs' attorney read this paragraph and came to the exact opposite conclusion difficult to swallow. Plaintiffs have been repeatedly warned, and even sanctioned, for this type of conduct in this case. (Doc. 206.) Plaintiff's attorneys are **HEREBY WARNED** that if they continue to make patently frivolous and wholly disingenuous arguments, the next set of sanctions will be harsher, and directed not only at Plaintiffs, but also at their attorneys.