
FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2009 MAY 15 AM 10: 14
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

F. CAMPBELL PEERY and CAROLYN )
PEERY, )
   )
   Plaintiffs, )
   )
v. ) CASE NO. CV106-172
   )
SERENITY BEHAVIORAL HEALTH )
SYSTEMS and THE MANUFACTURERS )
INSURANCE COMPANY (U.S.A.), )
   )
   Defendants. )
_____ )

### O R D E R

Before the Court is Defendant Serenity Behavioral Health Systems' ("CSB") Motion in Limine. (Doc. 186.) Plaintiffs have filed a Response in Opposition. (Doc. 202.) CSB has filed a Reply to Plaintiffs' Response. (Doc. 205.) After careful consideration, the Court issues the following rulings.

I. Motion to Exclude References to Excluded Matters or Evidentiary Objections of Any Party

CSB asks this Court to enter an Order prohibiting any discussion of excluded evidence and the evidentiary objections of any Party. (Doc. 186 at 1-2.) Plaintiffs respond that they must renew objections to certain items of evidence at trial to preserve their right to appeal this Court's evidentiary rulings. (Doc. 202 at 2-4.) They also appear to contend that they should

be allowed to reargue failed evidentiary objections during their closing argument. (Id.)

After careful consideration, the Motion is **DENIED** with respect to evidentiary objections. However, Plaintiffs' belief that the broad latitude accorded on closing allows attorneys to ask the jury to ignore the Court's evidentiary rulings and to consider excluded evidence could not be more erroneous. See McWhorter v. City of Birmingham, 906 F.2d 674, 676 (11th Cir. 1990).[1] Plaintiffs are **ORDERED** not to use their closing argument to discuss excluded evidence or complain to the jury about this Court's evidentiary rulings.

II. Motion to Exclude References to Discovery Disputes and Objections to Duplicate Documents

Defendant CSB requests this Court enter an order prohibiting Plaintiffs from discussing discovery disputes and from objecting to the use of duplicate documents. (Doc. 186 at 2.) Plaintiffs respond that they are entitled to object to duplicate documents and may assert spoliation by CSB. (Doc. 202 at 4-10.) Defendant CSB has responded, contending that the appropriate procedure to assert spoliation is a motion for

---

[1] Plaintiffs' argument that BankAtlantic v. Blythe Eastman Paine Webber, Inc., 955 F.2d 1467 (11th Cir. 1992), allows them to discuss excluded evidence is erroneous. In the civil context, there is an enormous difference between mentioning excluded evidence and mentioning that a certain witness did not testify, as in BankAtlantic.

sanctions under Federal Rule of Civil Procedure 37. (Doc. 205 at 2.)

This request is multifaceted and broad, and the Court issues the following orders, which should serve as a guide to appropriate conduct at trial.

First, Plaintiffs are **PERMITTED** to make **reasonable** objections to duplicate documents at trial if they have a good faith belief that their objection is well-founded in the law.[2] The Court is not willing to prohibit a party from raising a type of objection at trial. However, if Plaintiffs wish to object to a duplicate document on the grounds of spoliation, they are **ORDERED** to ask for a sidebar and make the objection, outside of the jury's presence.

Second, from reading Plaintiffs Response, Plaintiffs do not appear to have actual evidence of spoliation; rather they indicate a desire to "explore," at trial, in front of the jury, the issue of whether spoliation occurred. (Doc. 202 at 4-10.) If Plaintiffs were truly concerned about spoliation, Plaintiffs have had nearly two years from the close of discovery to raise

---

[2] Plaintiffs have made a number of arguments in bad faith throughout the course of this litigation. Plaintiffs should consult this Court's orders for guidance on what constitutes a reasonable legal argument. (See Doc. 262 at 7-8 n.6) (explaining the disingenuous tactics used by Plaintiffs during this litigation.) If Plaintiffs intend to object to a duplicate document on the grounds that that document has been tampered with, Plaintiffs will need to come prepared with more than speculation to support their objection.

this issue. Not only have Plaintiffs failed to raise the issue of spoliation, they have never even attempted to compel the originals of the documents that they now believe to have been altered.[3] Plaintiffs' lack of diligence in this regard, coupled with their sudden interest in original documents and fear of spoliation, strongly suggests that Plaintiffs have no interest in the original documents. Rather, Plaintiffs show a desire to vilify opposing counsel in front of the jury.[4] Accordingly, Plaintiffs are **ORDERED** not to attempt to use this trial as an opportunity to develop the basis of a spoliation claim.

III. <u>Motion to Exclude Evidence of the Non-Prosecution of Campbell Peery in Criminal Case of Robin Williams</u>

In both Parties' Motions in Limine, the Parties ask the Court for guidance as to what can be presented in this trial from the Robin Williams criminal case.[5] (Docs. 186 and 189.)

---

[3] The only motion to compel in this case was in reference to documents needed to depose opposing counsel. (Doc. 71.) This Motion was denied, and was so egregious that Plaintiffs were sanctioned for filing it. (Doc. 166.)

[4] Plaintiffs suggestion that this is relevant because they "may" be entitled to a jury instruction on spoliation is unconvincing. (Doc. 202 at 9-10.) If Plaintiffs do not already have the evidence to support an allegation of spoliation, then they are not entitled to a jury instruction on the subject. Plaintiffs may not use the trial of this case as a form of extended discovery to create the basis for a belated discovery dispute. See <u>Waters v. Genesis Health Ventures, Inc.</u>, 400 F. Supp. 2d 814, 818 (E.D. Pa. 2005).

[5] Because this issue is bound up in both Motions in Limine, the Court rules on this aspect of both Motions here, and will

4

Read together, both Parties seem to concede that evidence from the criminal trial will necessarily be presented in this case.[6] (Docs. 186 and 189.) However, the Parties dispute the arguments that can be made based on that evidence. CSB objects to the use of evidence of non-prosecution as evidence of "innocence," and to Plaintiffs' intent to have Mr. Kohler, the lead prosecutor in the criminal case, offer his opinion as to the innocence of Mr. Peery. (Doc. 186 at 2-3.) Plaintiffs object to CSB presenting evidence that creates "a cloud of suspicion" of illegal activity. (Doc. 189 at 3-8.) However, Plaintiffs appear to concede that CSB is allowed to introduce evidence from the criminal prosecution.[7] (Id. at 3.)

First, evidence of non-prosecution in a criminal matter is not admissible to show "innocence" in a civil matter due to the differing burdens of proof in criminal and civil cases. Aetna Cas. & Sur. Co. v. Gosdin, 803 F.2d 1153, 1160 (11th Cir. 1986) ("Godsin complains that the trial court granted Aetna's motion in limine to exclude any evidence relating to the fact that

---

reference this ruling in its Order on Plaintiffs' Motion in Limine.

[6] Indeed, CSB specifically concedes that the jury will become exposed to the fact that Mr. Peery was not prosecuted and does not object to that exposure. (Doc. 205 at 4.)

[7] Even if the Court misunderstands Plaintiffs to be conceding this point, it is plain that in a case such as this the Court would be acting inappropriately to exclude all evidence from the criminal prosecution. See, e.g., Estate of Moreland v. Dieter, 395 F.3d 747, 754-55 (7th Cir. 2005), Cefalu v. Vill. of Elk Grove, 1996 WL 392158, *6 (N.D. Ill. 1996).

Gosdin was never charged or convicted of arson in relation to the fire at issue. Aetna argued that [the] different standards of proof [in criminal and civil cases] might mislead the jury. We agree.") Second, persuasive precedent clearly holds that prosecutors cannot offer their lay opinions[8] as to innocence. See Rabon v. Great Sw. Fire Ins. Co., 818 F.2d 306, 309 (4th Cir. 1987) ("[A] prosecutors opinion whether the insured started the fire is inadmissible since [it is] based on knowledge outside his personal experience."). Third, it is plainly prejudicial to allow CSB to use the early opinions of the government that Mr. Peery was involved in fraud to show that Mr. Peery was a part of the conspiracy, especially when the government later abandoned those opinions. Fed. R. Evid. 403.

After careful consideration, and in light of both Parties' concession that evidence from the prior criminal trial will need to be admitted, the Court issues the following ruling. The Parties **WILL BE** allowed to put evidence from the criminal trial before the jury, but the jury will decide what the evidence shows. The prosecutors' opinions as to what the evidence showed

---

[8] Plaintiffs offer the novel argument that this Court should qualify the prosecutor as an expert in determining guilt and innocence and allow him to provide expert testimony. (Doc. 202 at 11-12.) This argument fails. Prosecutors are not experts in determining a party's guilt within the meaning of Rule 702; if they were, courts, judges, juries, and defense lawyers would be unnecessary. See generally Fed. R. Evid. 702. Also, it is unclear what expert "methodology" the prosecutor would use to make a determination as to guilt or innocence. See id.

**at any point** during the investigation and trial will be inadmissible. If a piece of evidence contains such an opinion, it should be **REDACTED** accordingly before being introduced. Neither side will make arguments for Mr. Peery's "guilt" or "innocence" based on the actions, non-actions, or beliefs of the prosecutors at any point during the investigation and trial.

IV. <u>Motion to Exclude Evidence Regarding Claims CSB Made on its Fidelity Insurance</u>

CSB moves to preclude evidence of the claims it made on its fidelity insurance. (Doc. 186 at 4-6.) CSB relies on the collateral source rule[9] and Federal Rules of Evidence 401-403, and 408. (<u>Id.</u>) Plaintiffs respond that Federal Rule of Evidence 408 is inapplicable because the amended statement of loss does not represent a compromise, it is simply a document filed with an insurance company. (Doc. 202 at 16-20.)

---

[9] The Court notes that the collateral source rule does not apply to this case. The collateral source rule operates to exclude evidence of compensation from a collateral source when that evidence is introduced for the purpose of showing that "the injured party received compensation for his or her damages from other sources." <u>McGlohon v. Ogden</u>, 251 Ga. 625, 625 n.1, 308 S.E.2d 541, 542 (1983). Here, importantly, the evidence is not offered to show that CSB has already received recompense for any fraud injury. Instead, the evidence is offered to show that CSB did not claim Mr. Peery as part of its fraud losses when it made a claim with its fidelity insurer. (Doc. 202 at 16-19.) That is, it goes to show that at the time when the fraud occurred, CSB did not consider Mr. Peery to have caused its losses. Accordingly, the collateral source rule is inapplicable.

7

Federal Rule of Evidence 408 prevents the introduction of evidence of an offer to compromise. In the Eleventh Circuit, this rule is "applicable to situations involving settlements between one of the parties and a third party, where such settlements have arisen out of the same transaction that is in dispute." Dallis v. Aetna Life Ins. Co., 768 F.2d 1303, 1307 (11th Cir. 1985). Plaintiffs only argument that this rule does not apply is that the document does not reflect a compromise.[10] There is insufficient information at this time to determine whether this document reflects a compromise. However, at trial the person who can lay the foundation for this document should be able to provide additional information as to the context in which it was created. If the document is actually the product of negotiations between the insurer and CSB, it will be inadmissible. Likewise, the Court cannot assess the relevancy of the document at this point in time. See Fed. R. Evid. 401-403. Accordingly, the Court **DEFERS** ruling on this issue until trial.

---

[10] CSB's attempts to refer to this Court's Summary Judgment Order as deciding this issue are unavailing. The Court only noted that this document "could be" a compromise, not that it was a compromise. (Doc. 170 at 57.)

8

V.  Motion to Exclude Plaintiffs' Attempt to Call CSB's Counsel as Witness

Defendant CSB moves to preclude Plaintiffs from attempting to call CSB's counsel as a witness. (Doc. 186 at 6-7.) Plaintiffs respond that CSB's attorney may be needed to lay a foundation for the admission of certain evidentiary documents. (Doc. 202 at 20-22.)

Plaintiffs do not cite a single legal standard or rule in support of their need to call opposing counsel. (Doc. 202 at 20-22.) However, there is an applicable standard here: Plaintiffs must show that the attorney's "testimony is both necessary and unobtainable from other sources." United States v. Crockett, 506 F.2d 759, 760 (5th Cir. 1975).[11] One cannot prove what one does not profess to prove; and Plaintiffs have not shown that they are attempting to meet this standard or even that they are aware that it exists. Accordingly, CSB's Motion is **GRANTED**.[12]

---

[11] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[12] When CSB amended its witness list, it included one of its former counsel, David Klein, as a may call witness. (Doc. 209.) The Court notes that it is possible that CSB could create a need for its current counsel's testimony by calling its former counsel during this trial. Therefore, the Court will allow Plaintiffs to call opposing counsel if CSB makes that testimony a necessity.

VI. <u>Motion to Exclude Plaintiffs' Attempts to Make the Advice, Conduct, or Qualifications of CSB's Counsel an Issue at Trial</u>

CSB asks this Court to exclude any attempt to make the advice, conduct, or qualifications of CSB's counsels an issue in this case. (Doc. 186 at 9-10.) CSB contends that this evidence should be inadmissible because they have not waived attorney-client privilege. (Id.) Plaintiffs respond that CSB's counsels' actions are necessarily at issue in this case. (Doc. 202 at 22-25.)

Again, there is a legal standard that governs waiver of attorney-client privilege, and Plaintiffs have not attempted to show this Court they can meet that standard, or even that they are aware that it exists. (Doc. 202 at 22-25) (citing no legal authority at all.) However, the Court sees no justification for entering a blanket order prohibiting something as vague as "all references" to conduct or advice given by CSB's counsel. Accordingly, the Motion is **GRANTED** to the extent that CSB is asking the Court whether its attorney-client privilege remains intact.[13]

---

[13] The Court is puzzled by CSB's argument as to what issues are genuine in this case. It seems axiomatic to this Court that CSB's decision to declare the policy invalid, and then wait three years—coincidentally, the exact amount of time it took the statute of limitations to run on Mr. Peery's underlying claims— is, in fact, central to this case. While the Court does not

10

VII. <u>Motion to Exclude Plaintiffs' Claims for Attorney's Fees with Respect to their Breach of Contract Claim</u>

The Court has ruled on this issue in a separate order, finding that this claim may not be pursued because it was not pled. (Doc. 262.) Therefore, the claim may not be mentioned at trial. <u>McWhorter</u>, 906 F.2d at 676. Accordingly, this Motion is **GRANTED**.[14]

VIII. <u>Motion to Exclude Evidence of Claims Under the FMLA and ADA.</u>

The Court has ruled that CSB is not immune from the ADA Claim. (Doc. 260.) Accordingly, CSB's Motion with respect to this Claim is **DENIED**.

The Court dismissed the Family Medical Leave Act ("FMLA") claim on summary judgment. (Doc. 170 at 37.) Accordingly, CSB's Motion is **GRANTED,** and the FMLA claim may not be referenced at trial.

SO ORDERED this 15th day of May, 2009.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

find a waiver of attorney-client privilege, the Court also does not think this issue should be wholly removed from the jury's consideration.
[14] Of course, Plaintiffs' may reference attorney's fees with respect to the American Disabilities Act ("ADA") claim.

11