

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2009 MAY 18 AM 10:25

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

F. CAMPBELL PEERY and CAROLYN )
PEERY, )
 )
    Plaintiffs, )
 )
v. ) CASE NO. CV106-172
 )
SERENITY BEHAVIORAL HEALTH )
SYSTEMS and THE MANUFACTURERS )
INSURANCE COMPANY (U.S.A.), )
 )
    Defendants. )
 )

## O R D E R

Before the Court is Plaintiffs' Motion in Limine.[1] (Doc. 189.) Defendant Serenity Behavioral Health Systems ("CSB") has responded in opposition. (Doc. 191.) After careful consideration, the Court issues the following rulings.

I. <u>Motion to Exclude Witnesses Not Properly Disclosed</u>

Plaintiffs ask this Court to exclude eight may-call witnesses[2] that CSB has included in the pretrial order, contending that these witnesses were not properly disclosed. (Doc. 189 at 1-3.) CSB responds that these witnesses were

---

[1] In this Motion, Plaintiffs move to exclude evidence that creates a "cloud of suspicion" from the prior criminal fraud trial. (Doc. 189 at 3-8.) This overlaps substantially with CSB's Motion in Limine and is addressed in full in this Court's Order on CSB's Motion in Limine. (Doc. 264 at 4-7.) Accordingly, it will not be addressed here.

[2] The witnesses that Plaintiffs have objected to are Rick Camp, Andy McCollum, Sharon Haire, Ray Huff, Mark Hilton, Richard Dueringer, Sherry Goodman, and Brian Neil. (Doc. 189 at 1.)

either disclosed or did not need to be disclosed because they are for impeachment purposes only. (Doc. 191 at 2-3.)

Plaintiffs' contention that witnesses Rick Camp, Andy McCollum, Sharon Haire, and Ray Huff were not included in CSB's Rule 26(a)(1) disclosures and supplements is erroneous. These witnesses were disclosed. (Doc. 191, Attachs. A & B.) Accordingly, the Motion is **DENIED** with respect to these witnesses.

Plaintiffs' contention that witness Mark Hilton was not disclosed is also inapposite. Plaintiffs' themselves identified Mr. Hilton as a potential witness, and CSB later supplemented their disclosures to include witnesses identified in Plaintiffs' disclosures. (Doc. 191, Attachs. D.) Plaintiffs can hardly claim unfair surprise for the calling of a witness they themselves disclosed. See Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc., 493 F.3d 160, 167-68 (D.C. Cir. 2007) (holding that the reason for excluding witness testimony for lack of disclosure is unfair surprise). Accordingly, Plaintiffs' Motion is **DENIED** with respect to Mark Hilton.

Plaintiffs' contention that the remaining witnesses—Richard Dueringer, Sherry Goodman, and Brian Neil—were not disclosed is defeated by Defendant's admission that these witnesses are to be used for impeachment purposes only. (Doc. 191 at 2.) Plaintiffs' reference to the Magistrate Judge's Order is

unconvincing, that Order was not intended to supersede the Federal Rules of Civil Procedure. To be sure, the Order makes no reference to overriding the Rules. (Doc. 53.) Where the Court intends to supersede the Federal Rules of Civil Procedure, it will do so either in its local rules or explicitly by order. (See Doc. 182 at 26) (requiring parties to list impeachment witnesses in the pretrial order.) As the Court did not supersede the Federal Rules of Civil Procedure, the Rules apply. It is clear that CSB has acted in accordance with Federal Rule of Civil Procedure 26(a)(1)(A)(i) in not disclosing these witnesses.[3] Accordingly, Plaintiffs' Motion is **DENIED** with respect to these impeachment witnesses.

II. Motion to Prevent CSB's Counsel, Scott Kelly, from Testifying While Questioning Mr. Peery

Plaintiffs move to stop CSB's counsel, Scott Kelly, from testifying while questioning Mr. Peery. (Doc. 189 at 8-9.) Specifically, Plaintiffs are concerned that Mr. Kelly will attempt to assert facts based on his first-hand knowledge of a meeting with Mr. Peery, which occurred prior to this litigation. (Id.) Defendant responds that Mr. Kelly should be allowed to

---

[3] Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires the disclosure of "the name . . . of each individual likely to have discoverable information . . . unless the use [of the witness] would be solely for impeachment."

3

question Mr. Peery based on his first hand knowledge of this meeting. (Doc. 191 at 6.)

"It is a well settled rule that counsel may not make assertions of fact in the form of questions to a witness which he knows are not otherwise properly admissible in court." Williams v. Mensey, 785 F.2d 631, 638 (8th Cir. 1986). Moreover, "[a] lawyer shall not, in trial, . . . assert personal knowledge or facts in issue except when testifying as a witness[.]" In re Katz, 476 F. Supp. 2d 572, 576 n.3 (W.D. Va. 2007) (quoting Md. Lawyer's Rules of Professional Conduct). Accordingly, Mr. Kelly **MAY NOT** use the cross-examination of Mr. Peery as an opportunity to testify as to his personal knowledge of facts in issue. Of course, this does not mean that Mr. Kelly cannot question Mr. Peery on this subject, just that he cannot make affirmative statements based on his first-hand knowledge while questioning the witness.

SO ORDERED this 18th day of May, 2009.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4